## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| NICOLE COLLINS | ) | |
| 924 County Road 607 | ) | |
| Poplar Bluff, MO 63901 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Case No.   4:16-cv-889 |
| | ) | |
| NAVIENT SOLUTIONS, INC. *f/k/a* | ) | |
| SALLIE MAE, INC. | ) | |
| 123 S. Justison Street | ) | |
| Wilmington, DE 19801 | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, NICOLE COLLINS, (hereinafter referred to as "Plaintiff") brings this action for damages, and other legal and equitable remedies resulting from the illegal actions of NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC. ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without Plaintiff's prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. In an effort to enforce a fundamental right to privacy, Plaintiff alleges, by and through her counsel, MOLNER/MERRIGAN, LC, the following against Defendant:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, *et seq.* ("TCPA").

1

2.  The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

    > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

    *Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.  Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5.  As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

    > The Telephone Consumer Protection Act … is well known for its

provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8.  Plaintiff is, and at all times mentioned herein was, a citizen and resident of Poplar Bluff, Butler County, Missouri.

9.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters are in Wilmington, Delaware.

11. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

12. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Missouri and in the County of Butler, and within this judicial district.

3

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

13. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

17. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

    a. "Automatic telephone dialing system" means any equipment that has the

4

"*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

18. Within four years of Plaintiff filing this Complaint, Defendant communicated with Plaintiff regarding Plaintiff's federal student loan account ("Account").

19. In or around January 2016, Defendant began to utilize Plaintiff's cellular telephone number, ending in 3946, to place virtually daily incessant calls to Plaintiff pertaining to the Account.

20. Since January 2016, Defendant has called Plaintiff on her cellular telephone with pre-recorded messages.

21. Defendant calls Plaintiff from the telephone number 513-972-4975, which is one of Defendant's telephone numbers.

22. In or around the end of February 2016, Plaintiff answered a call on her cellular telephone from Defendant and spoke with one of Defendant's collectors.

23. During the aforementioned conversation, Plaintiff told Defendant that she was currently going through bankruptcy and to stop calling her.

24. Despite Plaintiff's request, Defendant continued to place repeated collections calls to Plaintiff's cellular telephone regarding the Account.

25. On or around March 22, 2016, Plaintiff again answered a call from Defendant and told Defendant to stop calling her.

26. On or about March 24, 2016, Plaintiff's attorney's office mailed a cease and desist request to Defendant's corporate headquarters at 123 S. Justison Street, Wilmington, DE

19801, requesting that Defendant stop all further communications with Plaintiff.

27. Despite Plaintiff's oral and written requests, Defendant continued to call Plaintiff on her cellular telephone, using an "automated telephone dialing system."

28. On or about May 10, 2016, Plaintiff's attorney's office mailed a second cease and desist request to Defendant's corporate headquarters at 123 S. Justison Street, Wilmington, DE 19801, requesting that Defendant stop all further communications with Plaintiff.

29. Nonetheless, Defendant continued to place repeated calls to Plaintiff's cellular telephone, using an "automated telephone dialing system."

30. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiff with an "automatic telephone dialing system," were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

31. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

32. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

33. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

34. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

35. Defendant's calls are placed to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

37. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff told Defendant to stop calling her.

38. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

39. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

40. Defendant made unsolicited commercial phone calls to the wireless telephone numbers of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

41. These phone calls were made without the prior express consent of Plaintiff.

42. Defendant's conduct therefore violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, NICOLE COLLINS, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC. *f/k/a* SALLIE MAE, INC., for the following:

43. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).

44. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

45. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

46. Any other relief that this Honorable Court deems appropriate.


RESPECTFULLY SUBMITTED,


DATED: June 17, 2016          By: /s/ Mark D. Molner Esq._____
                                   Mark D. Molner, Esq. (SBN 62189)
                                   Molner/Merrigan, LC
                                   111 W 10th Street
                                   Kansas City, MO 64105
                                   T (816) 200-2572
                                   F (816) 326-0930
                                   mark@molnermerrigan.com